NEWYORK,
May, 1812.

KNICKER-
BACKER
v.
KILLMORE.

*1 Term Rep.
£14. Eq. Cas.
Abr. 197, 198.
3 Burr. 1662.
6 Johns. Rep.
190.

with the payment of the legacies.* And that, at any rate, the executors were entitled to the possession of the land, under the will.

---

KNICKERBACKER <i>against</i> KILLMORE.

A. a lessee, bargained, sold and assigned the leasehold premises to B. " to have and to hold the same, in as ample a manner, to all intents and purposes, as A. might or could hold and enjoy the same," and covenanted that he had " good and lawful right to bargain and transfer the premises as is above written," and that the same were free from all arrearages of rent and other encumbrances, &c. B. was afterwards evicted by a title paramount to that of the landlord.

THIS was an action of covenant. The declaration stated, that by a deed made between the defendant and the plaintiff, dated 25th *April*, 1807, the defendant bargained, sold, assigned, transferred and set over to the plaintiff, his executors, &c. all the parcels of land and premises contained and described in a certain lease or articles of agreement, made between *Robert Livingston*, of the one part, and *J. Killmore*, of the other part, dated the 1st *May*, 1790; to have and to hold the same to the plaintiff, during the lives mentioned in the said lease, subject to the rents and covenants in the said lease contained, &c. and that the defendant in and by his said deed, did covenant and agree with the plaintiff, that he, the defendant, had good and lawful right to bargain and transfer the said premises, and that the same were then free and clear from all arrears of rent, or other encumbrances whatsoever, &c. The plaintiff averred that the premises were not, at the time of executing the said deed, free and clear from all arrearages of rent, and other encumbrances whatsoever; but that the same were encumbered with a good and lawful title of *John Livingston*, in and to the premises, which lawful right and title accrued to him, at and before the bargain and sale from the defendant to the plain-

It was held, that the covenant was qualified and limited to the acts of the defendant himself, and did not amount to a warranty of the landlord's title.

1

tiff, and having such lawful right and title, the said *John Living- ston* entered on the premises, and ejected the plaintiff from his possession.

The defendant craved *oyer* of the lease, and the deed of the defendant, which were set forth, and then demurred to the declaration of the plaintiff.

The deed as set forth, stated "that the said *J. Killmore*, the *within-mentioned lessee*, for and in consideration, &c. bargained, &c. to have and to hold," &c. "*in as ample a manner, to all intents and purposes, as I might or could hold or enjoy the same*," subject, nevertheless, to the rents and covenants, &c. "and further that I do covenant with the said *P. K.* that I have good and lawful right, to bargain and transfer the said premises, *as is above written*," &c. "and that the same are clear of all arrearages of rent, or other encumbrances," &c.

*Van Buren*, in support of the demurrer, contended, that the covenant of the defendant extended only to his own acts, and not to the title. It was a qualified and limited, not an absolute and general covenant.

*E. Williams*, contra.

*Per Curiam.* This was a qualified covenant, and is to be confined to the acts of the defendant himself. He sold the estate in as ample a manner, to all intents and purposes, as he might or could enjoy the same; and he covenants that he has a right to sell the premises, "as is above written," and that the same are clear of all arrearages of rent or other encumbrances. It would be unreasonable and unjust, to suppose that the defendant meant to warrant his landlord's title. There must be judgment for the defendant.

Judgment for the defendant.